GLOBE–WERNICKE CO. v. B. DEUTSER FURNITURE CO.

(Court of Civil Appeals of Texas. Galveston. March 5, 1913.)

1. SALES (§ 384*)—REMEDIES OF BUYER—COUNTERCLAIM FOR BREACH OF CONTRACT—MEASURE OF DAMAGES.

In an action for a seller's breach of contract to repurchase goods at the net price at which they were sold to the buyer, the measure of damages is the difference between such net price and the market value of the goods at the time of the breach.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**2. Sales (§ 379*)—Remedies of Buyer—Counterclaim for Breach of Contract—Judgment.**

In an action or counterclaim for damages for breach of a seller's contract to take back goods at the net price agreed to be paid therefor by the buyer, where there was no evidence of the market value of such goods at the time of the breach, but only at the time of the trial, so that the correct measure of damages might be determined, a judgment for the buyer should be reversed.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1094; Dec. Dig. § 379.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by the Globe-Wernicke Company against the B. Deutser Furniture Company, with counterclaim by defendant. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellant. Smith, Crawford & Sonfield, of Beaumont, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against appellee to recover $224.95 alleged to be due upon an account for goods and merchandise sold appellee by appellant. Appellee, defendant in the court below, acknowledged the indebtedness claimed by plaintiff, but pleaded as set-off and counterclaim thereto damages claimed to be due it by plaintiff for failure to comply with its contract to repurchase from defendant, at the net price at which it had sold them to defendant, the goods for the unpaid balance of the price of which plaintiff sues. The amount so claimed by defendant was the sum of $685.35. The trial in the court below with a jury resulted in a verdict in favor of defendant for the sum of $261.56, which was the difference between the amount claimed by plaintiff and the amount found by the jury to be due defendant on its counterclaim. After the return of the verdict the defendant filed a remittitur of $207.09, and judgment was rendered in its favor for $54.27.

It would serve no useful purpose to discuss in detail the several assignments of error presented in appellant's brief, and we will content ourselves with a brief statement of the reasons upon which our conclusion, that the judgment of the trial court should be reversed, is based.

[1, 2] Under the facts pleaded and proven, defendant's measure of damage for the breach by plaintiff of its contract to take back the goods sold by it to the defendant at the net price agreed to be paid for the goods by the defendant was the difference between such net price and the market value of the goods at the time of the alleged breach by plaintiff of its contract by refusing to take and pay for said goods according to its contract. There was no evidence of what the market value of the goods was at the time plaintiff refused to repurchase same from the defendant. The only testimony in regard to the market value of the goods was that of B. Deutser, president of defendant corporation. This witness testified, in answer to some question which does not appear in the statement of facts: "Yes, sir; they (meaning the goods in question) have a market value. No, sir; the market value is not as great to us as if we had the various parts to fill the various orders. It is all right for somebody who has the line, because they can fill in, they have some value, there is no question about that. I would estimate the market value of them to be from 40 to 50 per cent. of the net cost. It has less value to the B. Deutser Furniture Company than the market value. I estimate it to be worth to the B. Deutser Company as stock, considering the character of the stock and the method of selling it and the method at which you would have to fill in, at 25 per cent. of the net value."

We do not think any other interpretation can be placed upon this testimony than that the witness was giving his estimate of the market value of the goods at the time he was testifying, which was two years after the alleged breach of the contract by the plaintiff. Manifestly this testimony was not sufficient to show the market value of the goods at the time of the alleged breach of the contract. Other testimony in the case tended to show that the value of the goods, or at least some of them, would decrease each year because of change in the style or fashion of manufactured articles of this kind. There was no evidence that the market value of the goods was the same at the time of the trial as at the date of the alleged breach of the contract; but, on the contrary, the testimony before stated indicates that the value of the goods at the date of the alleged breach of the contract was greater than their value at the time the witness fixed such value at 40 to 50 per cent. of their net cost price. Recognizing that it was only entitled to recover as damages the difference between said net cost price and the market value of the goods at the time of the alleged breach of the contract, appellee remitted 40 per cent. of the amount of the verdict, which allowed defendant credit for the full net price for which the goods were sold by plaintiff. This remittitur reduces the amount of defendant's recovery to the market value of the goods at the time of the trial; but as this was not the measure of defendant's damage, and there is no evidence in the record showing what defendant's damage was under any legal or proper rule for its measure, the judgment based on the verdict and remittitur cannot be affirmed. For aught that appears in the record, the market value of the goods at the time plaintiff refused to take them may have been as great or greater than

the price which plaintiff had agreed to give for them, and in such case defendant suffered no damage because of plaintiff's refusal to take the goods.

We think it is clear from the evidence that the goods designated as cabinet supplies were not included in the goods that plaintiff agreed to take back from the defendant, and no recovery can be had for the failure of plaintiff to take such goods.

The court did not err in submitting to the jury the question of whether defendant accepted plaintiff's offer to take the goods within a reasonable time after such offer was made, and the verdict upon that issue is simply supported by the evidence.

What we have said disposes of the material questions presented by the appeal.

For the reasons above stated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.